FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 18 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

WSD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO A. ALLECA, SUMMIT WEALTH MANAGEMENT, INC., SUMMIT INVESTMENT FUND, LP, ASSET CLASS DIVERSIFICATION FUND, LP, and PRIVATE CREDIT OPPORTUNITIES FUND, LLC,<br><br>Defendants. | Civil Action File No.<br><br>1:12-CV-<br><br>1:12-CV-3261 |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Securities and Exchange Commission (the "Commission"), files its complaint and alleges that:

## OVERVIEW

1. This matter involves violations of the antifraud provisions of the federal securities laws resulting in the loss of approximately $17 million in client assets by Summit Wealth Management, Inc. ("Summit Wealth"), a registered investment advisor based in Atlanta, Georgia, and its principal, Angelo A. Alleca ("Alleca").

Through Summit Wealth, Alleca was responsible for the management of approximately $500 million of client assets held in managed accounts.

2. By 2004, Alleca started Summit Investment Fund, LP ("Summit Fund"), a private fund, for which he solicited investments from the clients of Summit Wealth. The investors in Summit Fund were told that the fund would operate as a fund-of-funds, but, in fact, starting in or around 2006, Alleca engaged in active securities trading in the fund and incurred substantial losses.

3. In order to try to cover up the losses, Alleca started at least two additional funds—Asset Class Diversification Fund, LP ("Asset Fund") and Private Credit Opportunities Fund, LLC ("Credit Fund") —and raised capital for those funds from the clients of Summit Wealth. In exchange for providing capital, the clients of Summit Wealth received interests in the respective funds. Alleca's plan to use Asset Fund and Credit Fund to make up the losses in Summit Fund did not work because Asset Fund and Credit Fund incurred further losses.

4. Summit Wealth concealed the losses from its advisory clients, and Summit Fund, Asset Fund, and Credit Fund (collectively, the "Alleca-Controlled Funds") concealed the losses from the funds' investors. Summit Wealth issued statements of account to its advisory clients that did not reflect the substantial losses in the clients' accounts. The Alleca-Controlled Funds issued statements to their

investors that did not show the substantial losses in the respective investors' accounts. Each of the Defendant entities was controlled by Alleca.

5. Alleca caused some of the capital that was obtained by the Asset Fund and the Credit Fund for investment in those funds to be misappropriated and to be paid to some of the investors in the Summit Fund in order to satisfy certain redemption requests by such investors in Summit Fund.

6. Virtually all of the approximately $17 million that was invested in the Alleca-Controlled Funds has been dissipated in connection with the fraudulent activity described herein.

**VIOLATIONS**

7. All of the Defendants have engaged and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(2), and 77q(a)(3)].

8. All of the Defendants have engaged and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 10(b) of the Securities Exchange Act of

1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and subsections (a), (b), and (c) of Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5 (a), (b), and (c)].

9. Defendants Summit Wealth and Alleca have engaged and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1),(2) & (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## JURISDICTION AND VENUE

10. The Commission brings this action pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and 77v], Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)], and Sections 209 and 214 of the Advisers Act [15 U.S.C. §§ 80b-9 and 80b-14] to enjoin Defendants from engaging in the transactions, acts, practices, and courses of business alleged in this complaint, and transactions, acts, practices, and courses of business of similar purport and object, for civil penalties and for other equitable relief.

11. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

12. Defendants, directly and indirectly, made use of the mails, and the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

13. Certain of the transactions, acts, practices, and courses of business constituting violations of the Securities Act, the Exchange Act, and the Advisers Act occurred in the Northern District of Georgia. Some of the Defendants and some of the advisory clients of Summit Wealth who were defrauded as described herein reside in the Northern District of Georgia.

14. Defendants, unless restrained and enjoined by this Court, will continue to engage in the transactions, acts, practices, and courses of business alleged in this complaint, and in transactions, acts, practices, and courses of business of similar purport and object.

## THE DEFENDANTS

15. Angelo A. Alleca, 42 years old, is the founder, president, chief operating office, and chief compliance officer of Summit Wealth. Alleca resides in Buffalo, New York and Atlanta, Georgia.

16. Summit Wealth Management, Inc. is an investment adviser registered with the Commission based in Atlanta, Georgia. It is operated and controlled by Alleca. Summit Wealth claims to have more than 2,200 client accounts and

5

approximately $500 million in assets under management. Summit Wealth is wholly owned by National Advisory Services, Inc., a holding company, which, in turn, is wholly owned by Alleca.

17.     Summit Investment Fund, LP is a private fund controlled by Alleca. The investors in Summit Fund were told that it would operate as a fund-of-funds.

18.     Asset Class Diversification Fund, LP is a limited partnership investment vehicle controlled by Alleca.

19.     Private Credit Opportunities Fund, LLC is a limited liability corporation investment vehicle controlled by Alleca.

## THE FRAUDULENT SCHEME

20.     Alleca created Summit Fund, a private fund, no later than 2004. Alleca offered and sold interests in Summit Fund to the advisory clients of Summit Wealth. Investors in Summit Fund were told that it would operate as a fund-of-funds.

21.     In or around 2006, although the investors in Summit Fund had been told that the fund would operate as a fund-of-funds, Alleca began actively trading securities in Summit Fund and incurred substantial losses. Alleca and each of the Defendant entities, which Alleca controlled, concealed the losses from the investors.

22.     From in or around 2006 through 2008, Alleca started at least two additional private funds to raise capital so that he could cover up the losses that he

had incurred in Summit Fund.  Alleca's plan to cover up the losses did not work, however, in that the successive funds incurred further losses.  The successive funds created by Alleca to try to cover up losses include Asset Fund and Credit Fund.

23. Alleca, Summit Wealth, and the Alleca-Controlled Funds concealed approximately $17 million in losses incurred by clients of Summit Wealth and the investors in the Alleca-Controlled Funds.  The Defendant entities, each of which was controlled by Alleca, issued false account statements concealing the substantial losses that had been incurred.  Summit Wealth issued such false account statements to approximately 200 of its advisory clients, and the Alleca - Controlled Funds issued such false account statements to the investors in the respective funds.

24. Alleca caused some of the monies that were invested in Asset Fund and Credit Fund to be misappropriated in order to satisfy requests by certain investors in the Summit Fund for redemptions of some or all of their interests in the Summit Fund.

## COUNT I—FRAUD

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]
### (All Defendants)

25.     Paragraphs 1 through 24 are hereby realleged and incorporated herein by reference.

26.     Between in or around 2004 and the present, the Defendants, in the offer and sale of the securities described herein, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, employed devices, schemes and artifices to defraud purchasers of such securities, all as more particularly described above.

27.     Defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud.

28.     While engaging in the course of conduct described above, Defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

29.     By reason of the foregoing, Defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II—FRAUD

## Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act
## [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]

## (All Defendants)

30. Paragraphs 1 through 29 are hereby realleged and incorporated herein by reference.

31. Between in or around 2004 and the present, the Defendants, in the offer and sale of the securities described herein, by use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly:

    a. obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    b. engaged in transactions, practices and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities; all as more particularly described above.

32. By reason of the foregoing, Defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## COUNT III – FRAUD

### Violations of Section 10(b) of the Exchange Act
### [15 U.S.C. § 78j(b)]and Sections (a), (b), and (c) of Rule 10b-5
### thereunder [17 C.F.R. § 240.10b-5 (a), (b), and (c)]
### (All Defendants)

33. Paragraphs 1 through 32 are hereby re-alleged and are incorporated herein by reference.

34. Between in or around 2004 and the present, Defendants, in connection with the purchase and sale of securities described herein, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

   a. employed devices, schemes, and artifices to defraud;

   b. made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c. engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities; all as more particularly described above.

35. Defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of

10

material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, Defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

36. By reason of the foregoing, Defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and sections (a), (b), and (c) of Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)].

## COUNT IV – FRAUD

### Violations of Section 206(1) of the Advisers Act
### [15 U.S.C. § 80b-6(1)]
### (Defendants Alleca and Summit Wealth)

37. Paragraphs 1 through 36 are hereby realleged and are incorporated herein by reference.

38. At all relevant times, Defendants Alleca and Summit Wealth each acted as an investment adviser, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11),

39. Between in or around 2006 and the present, Defendants Alleca and Summit Wealth, acting as investment advisers, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, employed devices,

schemes and artifices to defraud one or more advisory clients and/or prospective clients.

40. Defendants Alleca and Summit Wealth, knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud. In engaging in such conduct, Defendants Alleca and Summit Wealth acted with scienter, that is, with intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

41. By reason of the foregoing, Defendants Alleca and Summit Wealth, directly and indirectly, have violated, and, unless enjoined, Defendants Alleca and Wealth, will continue to violate Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)].

## COUNT V – FRAUD

**Violations of Section 206(2) of the Advisers Act
[15 U.S.C. § 80b-6(2)]
(Defendants Alleca and Summit Wealth)**

42. Paragraphs 1 through 41 are hereby realleged and are incorporated herein by reference.

43. At all relevant times, Defendants Alleca and Summit Wealth each acted as an investment adviser, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11),

12

44. Between in or around 2006 and the present, Defendants Alleca and Summit Wealth, acting as investment advisers, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, engaged in transactions, practices, and courses of business which would and did operate as a fraud and deceit on one or more advisory clients and/or prospective clients.

45. By reason of the foregoing, Defendants Alleca and Summit Wealth, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)].

## COUNT IV – FRAUD

**Violations of Section 206(4) of the Advisers Act
[15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]
(Defendants Alleca and Summit Wealth)**

46. Paragraphs 1 through 45 are hereby realleged and are incorporated herein by reference.

47. At all relevant times, Defendants Alleca and Summit Wealth each acted as an investment adviser, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11), to Summit Fund, Asset Fund, and Credit Fund.

48. At all relevant times, Summit Fund, Asset Fund, and Credit Fund operated as pooled investment vehicles, as defined by Rule 206(4)-8(b) promulgated under the Advisers Act, 17 C.F.R. § 275.206(4)-8(b).

13

49.     Between 2006 and the present, Defendants Alleca and Summit Wealth, while acting as investment advisers to pooled investment vehicles Summit Fund, Asset Fund, and Credit Fund:

    a.      made untrue statements of material facts and/or omitted to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to clients of Summit Wealth who invested and or were solicited to invest in Summit Fund, Asset Fund, and Credit Fund, and

    b.      engaged in acts, practices, and courses of business that were fraudulent, deceptive, and/or manipulative with respect to clients of Summit Wealth who invested and/or were solicited to invest in Summit Fund, Asset Fund, and Credit Fund, all as more particularly described above.

50.     By reason of the foregoing, Defendants Alleca and Summit Wealth, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Commission respectfully prays for:

### I.

Findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that Defendants named herein committed the violations alleged herein.

### II.

A temporary restraining order, preliminary and permanent injunctions enjoining Defendants, their officers, agents, servants, employees, and attorneys from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and sections (a), (b), and (c) of Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)] and Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(2), and 77q(a)(3)], and enjoining Defendants Alleca and Summit Wealth, their officers, agents, servants, employees, and attorneys from violating, directly or indirectly, Sections 206(1), (2) and (4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

### III.

An order requiring an accounting by Defendants of the use of proceeds of the fraudulent conduct described in this Complaint and the disgorgement by Defendants of all ill-gotten gains or unjust enrichment with prejudgment interest, to effect the remedial purposes of the federal securities laws.

### IV.

An order pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] imposing civil penalties against Defendants.

### V.

An order freezing the assets of Defendants pending further order of the Court.

### VI.

An order appointing a Receiver for Summit Wealth, Summit Fund, Asset Fund, and Credit Fund pending further order of the Court.

### VII.

An order preventing Defendants from destroying or concealing documents until further order of this Court.

## VIII.

Such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated: September 18, 2012

Respectfully submitted,

_____
M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

_____
Robert K. Gordon
Senior Trial Counsel
Georgia Bar No. 302482
gordonr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel:(404) 842-7600
Tel:(404)-842-7666