UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO A. ALLECA, SUMMIT WEALTH MANAGEMENT, INC., SUMMIT INVESTMENT FUND LP, ASSET CLASS DIVERSIFICATION FUND, LP, and PRIVATE CREDIT OPPORTUNITIES FUND, LLC,<br><br>Defendants. | Civil Action File No.<br><br>1:12-CV-3261-WSD |

**PROPOSED MODIFIED ORDER APPOINTING RECEIVER**

**WHEREAS,** the Court has appointed Robert D. Terry, Esq. as Receiver for the estate of defendants Summit Wealth Management, Inc., Summit Investment Fund LP, Asset Class Diversification Fund, LP and Private Credit Opportunities Fund, LLC ("the Receivership Entities") by Order dated September 21, 2012;

**WHEREAS,** the estate for which Mr. Terry was appointed Receiver, hereinafter referred to as the "Receiver Estate," includes, but is not limited to, all assets acquired for the benefit of any of the Receivership Entities; including any assets, wherever situated, which are determined by the Receiver to have been purchased, in whole or part, with the funds of any advisory clients of any Receivership Entity and any and all monies, securities or other assets managed, maintained or administered by any of the Defendants; but not including any advisory or brokerage accounts in the name of any advisory client over which Summit Wealth Management, Inc. or Defendant Alleca have trading authority ("Advisory Accounts"), unless those clients are affiliated with any of the Defendants, except that the Receiver shall be subrogated to Defendants' rights with respect to (a) any advisory or other agreements relating to these Advisory Accounts, including but not limited to the Defendants' rights to advisory fees from the Advisory Accounts, and (b) any employment or independent contractor agreement with third parties relating to the Advisory Accounts, including but not limited to, non-compete agreements.;

**WHEREAS,** the Receiver has filed a motion in which the Securities and Exchange Commission ("Commission") has joined and in which the Defendants have consented for a modified Order setting forth the powers, rights, and responsibilities of the Receiver, the Court orders as follows:

## I.

**IT IS ORDERED** that the Receiver shall have and possess all powers and rights to efficiently administer and manage the Receiver Estate, including, but not limited to the exclusive right and power:

    A.    to take custody, control and possession of all the monies, accounts, funds, property, premises, leases, and other assets of or in the possession or under the direct or indirect control of the Receiver Estate;

    B.    to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for and collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other papers;

    C.    to conduct the business operations of the Receivership Estate and the entities they control, including the collection of rents, management and administration of investor funds and accounts, and all other aspects of any active business operation;

    D.    to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

E.  to pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receiver Estate;

F.  to make such payments and disbursements from the funds so taken into his custody, control and possession or thereafter received, and to incur such expenses as may be necessary or advisable in the ordinary course of business in discharging the Receiver's duties;

G.  to open bank accounts or other depository accounts in the name of the Receiver on behalf of the Receiver Estate;

H.  to engage and employ others (without Court approval), including but not limited to consultants, attorneys, accountants, experts and employees of a firm owned by the Receiver, to assist in the Receiver's duties, except that any payment to other professionals for their services shall be subject to Court approval;

I.  to take any action which could be taken by the officers, directors, partners and trustees of the Receiver Estate;

J.  to enter into, continue, suspend, terminate any employment or independent contract arrangement on behalf of the Receivership Estate, and to grant a leave of absence to any employees or independent contractors of the Receiver Estate;

K.  to renew, cancel, terminate or otherwise adjust any pending lease agreements to which any of the Receivership Entities may be a party;

L.  to prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate;

M.  to abandon any asset that, in the exercise of his reasonable business judgment, will not provide benefit or value to the Receiver Estate; and

N.  to take such other action as may be approved by this Court.

## II.

**IT IS FURTHER ORDERED** that no person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver. With respect to the asset freeze set forth herein, the Receiver shall be authorized, but not required, to administer, manage, and direct the marshaling, disbursement and/or transfer of monies or other assets held by third parties that are subject to the freeze. The Receiver may, in the reasonable exercise of his discretion, authorize the release, use or segregation of proceeds held by third parties if the Receiver believes such action is necessary to preserve the Receiver Estate.

### III.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of investor funds and other assets included in or under the control of the Receiver Estate, including, but not limited to, the Defendants' solicitation, receipt, disposition and use of investor monies and related proceeds that is outlined in the Commission's Complaint.

### IV.

**IT IS FURTHER ORDERED** that no shareholders, officers, directors, partners or trustees of the corporation or other entities that make up the Receiver Estate shall exercise any of their rights or powers with respect to the Receiver Estate until further order of the Court.

### V.

**IT IS FURTHER ORDERED** that all persons receiving notice of this order by personal service or otherwise, including but not limited to the Defendants and their directors, officers, members, managers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning or in any way conveying any property or assets of the Receiver Estate and from the transaction of any business of the Receiver Estate except with the approval of the Receiver.

## VI.

**IT IS FURTHER ORDERED** that the Defendants, their agents, servants, employees, nominees, attorneys and entities under their direct or indirect control shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver, in the performance of the Receiver's duties, and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. This section shall not be construed to waive any privileges of any person, Constitutional or otherwise.

## VII.

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, attorneys, and all persons who have had any type of business or personal relationship with any of them, who receive actual notice of this Order, shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery and turn-over to the Receiver of the following:

(a)  all assets and other materials belonging to or under the control of the Receiver Estate in the possession or under their control, as well as the name and

contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

(b) all investor monies, securities, accounts and assets, along with related earnings, losses or other proceeds, that are controlled, directed, managed or otherwise administered by any of the Defendants;

(c) business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

(d) insurance policies regarding any assets or persons that are in any way affiliated with the Receiver Estate, along with other information regarding insurance coverage or the absence thereof;

(e) computers and computer files, including e-mail files, along with all passwords for such files, that belong to or are under the control of Defendants or that in any way relate to the assets or the operation of the Receiver Estate;

(f) passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of Defendants or under their direct or indirect control, specifically including but not limited to, passwords for Internet or electronic access banking, brokerage and other on-line accounts;

(g)    keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of Defendants; and,

(h)    such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

## VII.

**IT IS FURTHER ORDERED** that, with respect to the asset freeze provided for in Section VI. of this Court's September 19, 2012 Order of Permanent Injunction and Other Relief ("Order of Permanent Injunction"), any bank, brokerage firm, mutual fund, hedge fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of the Receiver Estate; or, (b) accounts, securities or funds of any kind into which investor or customer funds or proceeds have been invested or deposited; (c) accounts or assets under the direct or indirect control of any Defendant, or (d) other tangible or intangible assets under the direct or indirect control of any Defendant, who receives actual notice of this Order, shall:

(i)    freeze such accounts, funds or assets;

(ii) within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver, along with counsel for the Commission and for the Defendants, a certified statement setting forth, with respect to each such account, fund or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii) promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receiver Estate;

(iv) provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver.

To the extent that there are funds or other assets about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

## IX.

**IT IS FURTHER ORDERED** that the Receiver shall have the power to compel, including by subpoena, the appearance and testimony of all persons and the production of the originals of any records, of any sort whatsoever, within the possession, custody or control of any person. The Receiver's authority under this

paragraph shall not be construed to require the waiver by any person of any validly asserted privilege.

## X.

**IT IS FURTHER ORDERED** that the Receiver may take expedited discovery under the same terms as set forth under Section XI of the Order of Permanent Injunction. The Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege. All written responses to the Receiver's discovery requests under the Federal Rules of Civil Procedure shall be delivered to such place as counsel for the Receiver may direct, by the most expeditious means available, including facsimile or e-mail.

## XI.

**IT IS FURTHER ORDERED** that the Receiver may investigate in connection with discovering additional information as it relates to activities of the Receivership Entities, their officers, directors, shareholders, agents, and employees. The Receiver shall have the authority to investigate regarding such related parties and employees prior to filing any litigation, and shall have the express authority to order consumer reports in the course of any such investigation.

## XII.

**IT IS FURTHER ORDERED** that the Receiver is hereby directed to file with this Court and serve upon the parties, within 30 days after entry of this Order, a preliminary report setting out the identity, location and value of the known assets of the Receivership, and any liabilities pertaining thereto.

### XIII.

**IT IS FURTHER ORDERED** that the Receiver and any person engaged or employed by the Receiver, are entitled to reasonable compensation from the assets of the Receiver Estate, subject to the prior approval of the Court.

### XIV.

**IT IS FURTHER ORDERED** that the Receiver shall be empowered, but is not required, to file voluntary petitions for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estate. If a bankruptcy petition is filed, the Receiver shall become the Debtor in Possession of the Bankruptcy Estate, and shall be empowered to operate the Receiver Estate or any subsequent Bankruptcy Estate, and to prosecute such adversary proceedings and other matters as may be permitted under the Bankruptcy Code and/or applicable law.

### XV.

**IT IS FURTHER ORDERED** that the Receiver, should he elect to file petitions under Title 11 of the United States Code for any of the Receiver Estate,

shall have 15 days from the date of such filing to file with the Bankruptcy Court any lists or schedules required to be filed with such petitions, this Court recognizing that the Receiver will require time to assemble such data for filing.

## XVI.

As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action. This provision shall not prevent the Receiver from pursuing any claim or cause of action on behalf of the Receivership Estate or Receivership Defendants.

## XVII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to communicate with all such persons as the Receiver deems appropriate to inform them of the status of this matter, the provisions of this Order, and the financial condition of the Receiver Estate.

## XVIII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to record this Order with government offices and authorities and to serve this Order on any person as the Receiver deems appropriate.

## XIX.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the Defendants to comply in any way with the terms of this Order.

## XX.

**IT IS FURTHER ORDERED** that, except for an act of gross negligence or intentional misconduct, the Receiver and all persons or entities engaged or employed by the Receiver shall not be liable for any loss or damage incurred by the Defendants, or any other person, by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

## XXI.

**IT IS FURTHER ORDERED** that the no admit or deny provisions in the preamble of the Order of Permanent Injunction and the carve out in Section VII of the Order of Permanent Injunction shall remain in full force and effect

notwithstanding any provision in this Order Appointing Receiver. All other provisions of the Order of Permanent Injunction shall also remain in full force and effect unless expressly revised by this Order Appointing Receiver.

Dated: November 21, 2012

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

16