## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ANGELO A. ALLECA et al.,

        Defendants.

1:12-cv-3261-WSD

## ORDER

This action involves alleged violations of securities laws by Defendants, resulting in significant investment losses by numerous investors. On September 19, 2012, the Court entered a permanent injunction against Defendants enjoining Defendants from violating certain securities laws, freezing Defendants' assets, and requiring an accounting of assets. (See Order of Permanent Injunction [7].) On September 21, 2012, the Court appointed Robert D. Terry as Receiver for the estates of Defendants Summit Wealth Management, Inc., Summit Investment Fund LP, Asset Class Diversification Fund, LP, and Private Credit Opportunities Fund, LLC (the "Receivership Entities"). (See Order Appointing Receiver [9].) On November 21, 2012, the Court entered an order authorizing the Receiver to recover and secure the assets of the Receivership Entities. (See Modified Order

Appointing Receiver [27].)

On April 30, 3013, the Court conducted a telephone hearing in this matter at which the Receiver represented that the Receivership Entities may have valid claims against Detroit Memorial Partners, LLC, including claims for conversion, a suit on account, claims for unjust enrichment, and an action for money had and received, which could result in a significant recovery for the Receivership Entities. On May 13, 2013, the Receiver submitted a written recommendation to the Court in which he proposes pursuing the Receivership Entities' claims against Detroit Memorial Partners, LLC in either Delaware or Ohio federal court.  The Receiver requests the Court's permission to obtain counsel in one of those jurisdictions to prosecute the claims, and that counsel be retained on a contingent fee basis to preserve the Receivership Entities' existing assets. (See Receiver's Recommendation [61].)

Having reviewed the Receiver's submissions, and based on his representations that the Receivership Entities have viable claims against Detroit Memorial Partners, LLC, the Court finds that allowing the Receiver to proceed, represented by contingent fee counsel, is appropriate.  Accordingly,

**IT IS HEREBY ORDERED** that the Receiver may file suit, in Delaware or Ohio, on the Receivership Entities' claims against Detroit Memorial Partners,

LLC.  For this purpose, the Receiver may retain counsel to be paid on a contingent basis, as follows: thirty percent (30%) of any recovery achieved before an order is entered on motions for summary judgment, or the setting of a trial date if summary judgment motions are not filed, and thirty-five percent (35%) of any recovery achieved after an order on summary judgment motions is entered, or after the time for filing summary judgment motions expires.  If Page Perry, LLC, the Receiver's law firm, provides services in support of the litigation and if the court determines the services provided were material to the processing of the case, the contingent fee shall be apportioned as follows: eighty percent (80%) of the contingent fee to retained trial counsel and twenty percent (20%) to Page Perry, LLC.

    **SO ORDERED** this 14th day of May, 2013.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE