IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | 1:12-cv-3261-WSD |
| ANGELO A. ALLECA, SUMMIT WEALTH MANAGEMENT, INC., SUMMIT INVESTMENT FUND, LP, ASSET DIVERSIFICATION FUND, LP, and PRIVATE CREDIT OPPORTUNITIES FUND, LLC, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Robert D. Terry, the Court-appointed receiver, ("Receiver")'s Motion for Compensation [48].

**I.    BACKGROUND**

This action involves alleged violations of securities laws by Defendants, resulting in significant investment losses by numerous investors. On September 19, 2012, the Court entered a permanent injunction against Defendants enjoining them from violating certain securities laws, freezing Defendants' assets, and

requiring an accounting of assets. On September 21, 2012, the Court appointed Robert D. Terry as Receiver for the estates of Defendants Summit Wealth Management, Inc., Summit Investment Fund LP, Asset Class Diversification Fund, LP, and Private Credit Opportunities Fund, LLC (the "Receivership Entities"). On November 21, 2012, the Court entered an order authorizing the Receiver to recover and secure the assets of the Receivership Entities.

The Receiver now moves to have the Court approve the Receiver's application for fees and expenses incurred only for the period of September 21, 2012, to December 31, 2012.

## II. DISCUSSION

The Receiver moves for approval of the Receiver's own fees and expenses that were incurred from September 21, 2012, when the Receiver was appointed, through December 31, 2012. The Receiver seeks to be compensated for 874.05 hours of work, and requests an amount of $199,924.50. In addition, the Receiver requests reimbursement for expenses totaling $8,908.94. Finally, the Receiver requests approval to make a payment of $1,020.00 to the law firm of DowLohnes PLLC for case-related expenses.[1] Counsel for the Securities and Exchange

---

[1] The Receiver also requests authorization to pay invoices submitted by the law firm of Berger Harris. The Court has already addressed and approved that payment in a separate Order.

2

Commission has not filed any response to the Receiver's application for compensation.

On March 29, 2013, The Meyers Group, Inc. ("TMG"), claiming to be the Summit's largest unsecured creditor, filed objections to the Receiver's request for compensation. TMG argues that the Receiver has demonstrated incompetence and failed to properly discharge his duties. Among other objections, TMG contends that the Receiver should not have assigned certain accounts to Bey-Douglas Investments, LLC ("Bey-Douglas") in exchange only for release of liability related to a libel claim. The Receiver responds that he determined the assigned accounts were not worth much to the estate, and that "it would have been extraordinarily poor judgment to use the resources of the receivership to litigate over the retention of a relatively small number of accounts that has no associated advisor and therefore little, if any, sale value." (Receiver's Reply Br. at 11 – 10.) The Receiver further explains that he learned that Martin Lysaght, a former Summit financial advisor who had left to join Bey-Douglas, believed he had been libeled by Summit representatives. The Receiver states that he properly exercised his authority and, in his business judgment, determined that it was in Summit's best interest to obtain a release of liability in exchange for the assigned accounts.

The Court does not at this point express any opinion on the objection

asserted by TMG.  Independent of it and having carefully reviewed the Receiver's partial request for attorneys' fees and expenses, the Courthas fundamental concerns about the high number of hours incurred by a large number of lawyers who have billed time to this matter over a period of only three months.  The Court further is concerned with the overall amount of the attorneys fees requested by the Receiver for work over a period of only three months.  The Court renews the concern it has stated before, specifically, that the services performed by the Receiver and his substantial staff working on this matter may not produce a recovery sufficient even to cover the total fees and expenses for which the Receiver may seek reimbursement in this matter.[2]  Under these circumstances, the Court is not prepared to consider the Motion for Compensation without additional information.  Once the information detailed below is provided to the Court, it will determine any additional steps necessary to consider the Receiver's Motion for Compensation and the schedule for such consideration.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Receiver is required to file, on or before

---

[2] The Receiver has not submitted a statement for, nor has he estimated, the services performed and the expenses incurred by the Receiver for the nine month period beginning on January 1, 2013.

October 25, 2013, the information described below:

1. An accounting, up to and including October 1, 2013, of the following:

    a. The total amounts collected by the Receiver, showing the person or entity from whom the amount was collected, whether the collection was the result of a claim asserted or a lawsuit filed by the Receiver, and the date of the collection;

    b. Each disbursement made for expenses of any kind related to the Receiver's work in this matter;

2. A list of each person or entity against whom a claim was asserted, or a lawsuit filed, the amount sought in each claim or lawsuit, and the amount, if any, collected;

3. A list of each person or entity against whom a claim is anticipated to be asserted, an estimate of the amount for which each claim will be asserted, and the date by which each claim is expected to be asserted;

4. The Receiver's statement of attorneys' fees and expenses incurred from January 1, 2013, to October 1, 2013, including:

    a. The total amount of hours of service provided, broken down by the lawyer and his billing rate, with a description of each service performed by each lawyer;

      b. The total expenses incurred, describing each expense and its amount; and,

5. The total additional recovery the Receiver expects to realize in this matter.

**IT IS FURTHER ORDERED** that the Receiver is authorized to pay the amount of $1,020.00 to the law firm of DowLohnes PLLC.

**SO ORDERED** this 10th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE