IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

    v.

ANGELO A. ALLECA, SUMMIT
WEALTH MANAGEMENT, INC.,
SUMMIT INVESTMENT FUND,
LP, ASSET DIVERSIFICATION
FUND, LP, and PRIVATE CREDIT
OPPORTUNITIES FUND, LLC,

          Defendants.

1:12-cv-3261-WSD

<u>OPINION AND ORDER</u>

This matter is before the Court on Robert D. Terry, the Court-appointed

receiver, ("Receiver")'s Motion for Compensation [48].

I.      BACKGROUND

On September 21, 2012, the Court appointed Robert D. Terry as Receiver

for the estates of Defendants Summit Wealth Management, Inc., Summit

Investment Fund LP, Asset Class Diversification Fund, LP, and Private Credit

Opportunities Fund, LLC (the "Receivership Entities").  On November 21, 2012,

the Court entered an order authorizing the Receiver to recover and secure the assets

of the Receivership Entities.

On March 19, 2013, the Receiver moves to have the Court approve the

Receiver's application for fees and expenses incurred from September 21, 2012, to

December 31, 2012.  On October 10, 2013, the Court ordered the Receiver to

submit additional accounting information about the Receiver's activities for which

he now seeks to be compensated, and more detailed billing information to support

the Receiver's claim for fees.  On October 25, 2013, the Receiver submitted this

additional information.

## II.    DISCUSSION

The Receiver seeks to be compensated for 874.05 hours of work, and

requests an amount of $199,924.50.  In addition, the Receiver requests

reimbursement for expenses totaling $8,908.94.  Counsel for the Securities and

Exchange Commission has not filed any response to the Receiver's application for

compensation.

On March 29, 2013, The Meyers Group, Inc. ("TMG"), claiming to be the

Summit's largest unsecured creditor, filed objections to the Receiver's request for

compensation.  TMG argues that the Receiver has demonstrated incompetence and

failed to properly discharge his duties.[1]  The Receiver states that he properly

exercised his authority and, in his business judgment, determined that it was in

Summit's best interest to obtain a release of liability in exchange for the assigned

accounts.

Having reviewed the TMG's objections and the Receiver's response, the

Court finds that TMG objects to certain of the Receiver's business decisions and

strategies, but does not provide any basis for the Court to conclude that the

Receiver acted outside the scope of his authority or engaged in any improper

conduct.  Further, TMG does not object specifically to any of the fees and

expenses which form the basis for the Receiver's request for compensation and

reimbursement.  TMG's objections are overruled.  In overruling these objections,

the Court shares TMG's concern that the funds collected and expected to be

collected for the estates may not justify the significant fee applications that have

and are expected to be submitted by the Receiver.   The Court finds, having

---

[1] Among other objections, TMG contends that the Receiver should not have
assigned certain accounts to Bey-Douglas Investments, LLC ("Bey-Douglas") in
exchange only for release of liability related to a libel claim.  The Receiver
responds that he determined the assigned accounts were not worth much to the
estate, and that "it would have been extraordinarily poor judgment to use the
resources of the receivership to litigate over the retention of a relatively small
number of accounts that has no associated advisor and therefore little, if any, sale
value."  (Receiver's Reply Br. at 11 – 10.)

reviewed the billing records submitted here, that the Receiver's work is not being efficiently processed and the Court continues to evaluate the costs of the Receiver's work against the resources it is producing for the benefit of creditors. From the Court's review of the Receiver's submissions in this action, the Court finds that the Receiver has collected $774,559.63 and expended $535,267.65 to operate the advisory services business of the Receivership Entities and an additional $52,642.68 to dispose of assets, for an aggregate expense of $587,910.33 resulting in a net collected amount of $186,649.30. An amount of $81,250 was collected as a result of a settlement on the Beverly Hills property and the Receiver estimates a "possible" additional settlement of $192,725.00. The Receiver estimates a recovery of $3,500,000 from Detroit Memorial Properties, LLC, but does not estimate the cost of this collection, the net amount expected to be collected, or the cost of litigation or other issues that may impact the collection estimate. Of a $48 million claim against Federal Insurance Company, the Receiver characterizes the claim as "disputed" and believes resolution will require "fractured and protracted" litigation.[2] The Receiver and his firm have incurred and partially billed $352,139 in fees for legal services in this matter. Even considering

---

[2] It is unclear whether insurance coverage litigation is an area in which the Receiver or his firm is experienced.

the effort to run the business, the fees billed to date do not seem reasonably related to the value produced to the estates.

The Court has reviewed the Receiver's submissions and invoices, and finds, albeit reluctantly, that the requested compensation of $199,924.50 for 874.05 hours of work is reasonable.  The Court also finds that the Receiver's request for reimbursement for expenses totaling $8,908.94 is reasonable.  Accordingly, the Receiver's request for compensation and reimbursement of these amounts is approved, but with the Court's continuing concern whether the services expended will produce a meaningful final, overall recovery.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Receiver Robert D. Terry's Motion for Compensation [48] is **GRANTED**.  The Receiver is entitled to compensation from the receivership estate totaling $199,924.50.  In addition, the Receiver is entitled to reimbursement totaling $8,908.94 for expenses.

**SO ORDERED** this 20th day of November 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE