IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                                              1:12-cv-3261-WSD

ANGELO A. ALLECA, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Receiver Robert D. Terry's ("Receiver") Motion for Entry of Judgment under Fed. R. Civ. P. 54(b) [114] ("Motion for Final Judgment").

## I.    BACKGROUND

On October 15, 2015, the Court [113] approved the Settlement Agreement [103.1 at Ex. A] between the Receiver and Federal Insurance Company ("Federal"), and entered a Bar Order. The Settlement Agreement released Federal from liability in exchange for a payment of $1,487,500 into the Receivership Estate. Under the terms of the Agreement, the settlement is "effective and binding on the parties only after entry of a Final Order." (Settlement Agreement [103.1 at Ex. A] ¶ 3.2]).

The Agreement defines a "Final Order" as an order "as to which the time to appeal or seek reconsideration or rehearing thereof has expired." (Id. ¶ 3.2 n. 1). After concluding that the Court's October 15, 2015, Order is not final under this definition, Federal informed the Receiver that "its obligation to pay the settlement consideration was not triggered by the October 15 Order." (Motion for Final Judgment at 3). On December 18, 2015, the Receiver filed his Motion for Final Judgment, seeking "an amendment that adds language making the October 15 Order final under" Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)"). (Motion for Final Judgment at 1-2).

## II.  DISCUSSION

### A.  Legal Standard

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "The Rule provides an exception to the general

principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." <u>Ebrahimi v. City of Huntsville Bd. of Educ.</u>, 114 F.3d 162, 165 (11th Cir. 1997).

"As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. <u>Id.</u> at 165-66 (citation omitted). "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" <u>Id.</u> at 166 (citing <u>Morrison-Knudsen Co. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). "[T]he decision to certify is committed to the sound judicial discretion of the district court." <u>Id.</u>

    B.    <u>Analysis</u>

The Court finds that the settling parties intended the October 15, 2015, Order to be a final judgment under Rule 54(b). The Receiver previously filed a proposed order [103.1 at Ex. C], approved by Federal, that includes the following language: "There being no just reason for delay, this Order is, and is intended to

3

be, a final, appealable decision of the Court within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure." (Proposed Order [103.1 at Ex. C] at 6; Motion for Final Judgment at 2-5). Federal also did not respond to the Receiver's Motion for Final Judgment, which "indicate[s] that there is no opposition to the motion." LR 7.1(B), NDGa.

It is not uncommon for settlement agreements, between a receiver and an insurer, to condition payment on a final court order. Federal courts often include Rule 54(b) language in orders approving such agreements. See S.E.C. v. Parish, 2:07-cv-919, slip op. at 9 (D.S.C. May 12, 2008) ("This court finds that there is no just reason for delay for an entry of a final judgment as to the approval of the settlement and bar order and directs the entry of judgment pursuant to Fed. R. Civ. P. 54(b)."); S.E.C. v. Kaleta, 4:09-cv-3674, slip op. at 6 (S.D. Tex. June 11, 2013) ("There being no just cause for delay, this Order is, and is intended to be, a final, appealable decision of the Court within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure."). This language can prevent delays in the receiver collecting and distributing the settlement amount.

Federal's payment obligation triggers when the Bar Order becomes final and not subject to further appeal or collateral attack. To prevent delays in the Receiver collecting and distributing the Settlement proceeds, the Court concludes that the

Receiver's Motion for Final Judgment should be granted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Receiver's Motion for Entry of Judgment under Fed. R. Civ. P. 54(b) [114] is **GRANTED**.

**IT IS FURTHER ORDERED** that, because there is no just cause for delay, the Court's October 15, 2015, Opinion and Order [113] is a final, appealable decision of the Court within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED** this 16th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE