IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:12-CV-3261-WSD |
| ANGELO A. ALLECA, SUMMIT WEALTH MANAGEMENT, INC., SUMMIT INVESTMENT FUND, LP, ASSET DIVERSIFICATION FUND, LP, and PRIVATE CREDIT OPPORTUNITIES FUND, LLC | |
| Defendants. | |

## Receiver's Seventh Interim Report

Robert D. Terry, the Receiver appointed by Order of this Court dated September 21, 2012, files this Seventh Interim Report to describe the current status of the Receivership, significant events since the previous report and a consideration of prospective events.

**Procedural and Factual Background**

On September 18, 2012, the United States Securities and Exchange Commission ("SEC") filed an application for an injunction and other equitable relief, alleging that Angelo Alleca ("Alleca"), Summit Wealth Management, Inc. ("Summit") and three investment funds that had been created by Alleca (the "Alleca Funds") violated and were likely to continue to violate Sections 17(a)(1)-(3) of the Securities Act of 1933, Section 10 of the Securities Exchange Act of 1934, and Sections 206(1),(2) and (4) of the Investment Advisers Act of 1940.

On September 19, 2012, this Court granted the SEC's application and entered an Order freezing assets and granting other relief. On September 21, 2012, the SEC sought the appointment of a receiver for Summit and the Alleca Funds. The Court appointed the undersigned Receiver. On November 21, 2012, the Court modified the September 21 Order through by the entry of the Proposed Modified Order Appointing Receiver.

The current cash balance in the Receivership account is $1,823,234.20.  The current value of all claims, subject to disallowance, is $48,483,206.55.

**Insurance Claim**

As previously reported, on the date the Receiver was appointed Summit had in force an Asset Management Protector Policy of Insurance (the "Policy") issued by Federal Insurance Company ("Federal"). The Policy, in general terms, provided for reimbursement of defense costs and indemnification of liability for certain defined claims arising from covered errors in the rendering of professional advisory services. The stated limit of liability under the Policy was $3,000,000. Federal, however, notified the Receiver of its position that the Policy was procured by fraud and is therefore void, that if the policy is not void that any claims that could be asserted by the Receiver are excluded or otherwise not covered, and that two-thirds of the limit, or $2,000,000, were foreclosed by false warranties of Summit officers or other acts of fraud or misrepresentation. The Policy was an eroding policy, which means the amount available to pay losses would decrease by each dollar paid in defense costs.

After extensive negotiations, the Receiver and Federal agreed to settle the Receiver's claim against the policy for $1,487,500, subject to Court approval. On May 16, 2016, the Court entered its Final Order approving the settlement. The Receiver collected and deposited the settlement funds in June, 2016.

**Detroit Memorial Partners**

As noted in previous reports, many of the transactions and other facts relating to this matter are related to the financial affairs of Detroit Memorial Partners ("DMP"), a minority owner of Midwest Memorial Group ("Midwest"), which in turn owns and operates 27 cemeteries in the state of Michigan.

The Securities and Exchange Commission filed an action in 2013 (Civil Action No. 1:13-cv-1817-WSD )(the "SEC DMP Case"), alleging that DMP and its managing member, Mark Morrow, had committed securities fraud in connection in the sale of the promissory notes sold through Summit and seeking remedies for the benefit of the investors in those notes. As part of that action, the Court appointed a Receiver for DMP ("the DMP Receiver").

The Receiver filed a claim with the DMP Receiver for assets transferred by various summit entities to DMP during the course of the Ponzi scheme. The DMP Receiver objected to the claim, stating that substantial assets (exceeding the amount of assets transferred to DMP) had been transferred from DMP to entities associated with Summit.

On October 7, 2016, the Receiver filed an objection to the disallowance of its claim against DMP and, in addition, suggested that the

4

two receiverships might be consolidated for purposes of claim determination and distribution.  After a hearing on the matter, on November 8, 2016, the Court entered an Order denying the Receiver's objection, and holding that the DMP and Summit receivership estates should be considered and administered separately.

### Analysis and Administration of Claims

Following the Court's November 8, 2016 Order, the Receiver is finalizing a proposed plan of distribution with respect to its assets and the claims it has received. In addition to determining whether and the extent to which each claim should be allowed, the Receiver has been contacting all claimants to confirm the continued accuracy of their contact information, and to correct any information that may have changed, so that claimants will be assured of receiving proper notice of the proposed plan of distribution when it is filed with the Court. The Receiver encourages any claimant who has not yet confirmed or updated contact information to contact his office as soon as possible to do so.

The Receiver anticipates proposing that assets will be distributed among eligible claimants according to the "rising tide" approach frequently employed in receiverships of this nature, including the DMP Receivership. The "rising tide" approach takes into account pre-receivership distributions a

claimant may have received in determining the portion of assets which would be proposed to be distributed by the receivership to that claimant. The Receiver anticipates filing the proposed plan no later than January 31, 2017.

**Angelo Alleca**

Some claimants have asked the status of prosecutorial activity regarding Angelo Alleca. On December 15, 2015, Mr. Alleca and Mark Morrow were indicted under multiple counts of mail fraud, wire fraud and money laundering in connection with the Summit and DMP schemes. On May 26, 2016, Mr. Alleca pleaded guilty to two counts of mail and wire fraud. Records in Mr. Alleca's case indicate that his sentencing will occur after the conclusion of the proceedings against Mr. Morrow, whose case remains pending.

Respectfully submitted this 30th day of December, 2016.

/s/ Robert D. Terry
Robert D. Terry
*Receiver*

PARKER MACINTYRE
2987 Clairmont Road
Suite 200
Atlanta, GA 30320
(404) 490-4060
(404) 490-4058 – facsimile
bterry@parkmac.com

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notice of electronic filing to counsel of record.

Respectfully submitted this 30th day of December, 2016.

/s/ Robert D. Terry
Robert D. Terry
Georgia Bar No. 702606
Receiver

PARKER MACINTYRE
2987 Clairmont Road
Suite 200
Atlanta, GA 30320
(404) 490-4060
(404) 490-4058 – facsimile
bterry@parkmac.com